IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL ORTIZ-MOLINA *
*
Plaintiff *
* Civil No. 96-2267(SEC)
v. *
*
MAI DEL CARIBE, INC., et. al. *
*
Defendants *
*************************************

**ORDER**

Pending before the Court is Plaintiff's "Motion to Alter or Amend Judgment and Brief in Support Thereof." **(Docket #63)**. Through this motion, Plaintiff requests that the Court reconsider its Opinion and Order and Judgment entered on February 7, 2000, **(Dockets ## 61, 62)**, in order to deny summary judgment on grounds that there are issues of material facts regarding whether or not plaintiff was regarded as an individual with a disability under the ADA, and whether MAI del Caribe, Inc. discriminated in the implementation of its reduction in force. After a review of Plaintiff's arguments on reconsideration and the record as a whole, Plaintiff's motion, **(Docket #63)**, is **DENIED**.

I. **Procedural and Factual Analysis**

On February 7, 2000 final judgment was entered in this case, dismissing the complaint on grounds that Plaintiff had failed to establish that he is a disabled person within the meaning of the ADA. **(Dockets ## 61, 62)**. The Court ruled that Plaintiff's lifting restriction, which limited his ability to lift weights to twenty-five (25) pounds, was not a disability under the ADA because it did not substantially limit any of his major life activities. See Docket #61 at pp. 8-11. The record was devoid of proof to establish how this moderate lifting restriction substantially limited Plaintiff's

AO 72A
(Rev.8/82)

**Civil No. 96-2267(SEC)** 2

major life activity of working or lifting. Id.

On reconsideration, Ortiz-Molina argues that even if his illness did not substantially limit any of his major life activities, he was regarded as an individual with a disability by his employer, and therefore, he qualifies for the protections of ADA. (Docket #63 at p. 1). However, he fails to explain how specifically the employer regarded Ortiz-Molina as a disabled person.

**II.    Applicable Law—Being Regarded as a Person With a Disability**

The Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12102(2), does provide that a "Disability" "means, with respect to an individual— (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) **being regarded as having such an impairment**." 42 U.S.C. § 12102. The regulations promulgated under this section, provide that:

> There are three different ways in which an individual may satisfy the definition of 'being regarded as having a disability':
> (1) The individual may have an impairment which is not substantially limiting but is perceived by the employer or other covered entity as constituting a substantially limiting impairment;
> (2) The individual may have an impairment which is only substantially limiting because of the attitudes of others toward the impairment; or
> (3) The individual may have no impairment at all but is regarded by the employer or other covered entity as having a substantially limiting impairment.

29 C.F.R. App. to pt. 1630 (commentary on § 1630.2(1)).

Plaintiff apparently attempts to argue that the fact that MAI personnel met with personnel from the State Insurance Fund ("SIF") to ascertain whether the conditions imposed by the "SIF" were

**Civil No. 96-2267(SEC)** 3

met by the employer[1], implies that the employer regarded him as a disabled person. However, the United States Supreme Court has made it clear that in order for an individual to satisfy the "regarded as" thread of the "disability" definition, he/she must establish that the covered entity mistakenly believed that the person's "actual, nonlimiting impairment substantially limits one or more major life activities." Murphy v. UPS, 119 S.Ct. 2133, 2137 (1999).

In Murphy v. UPS, 199 S.Ct. at 2138, the Supreme Court specifically confronted the issue of whether evidence that the employer regarded the petitioner as unable to obtain a Department of Transportation driver's certification (due to his high blood pressure), was sufficient to create a genuine issue of material fact related to whether or not the employee was in fact "regarded as" substantially limited in one or more major life activities. The Supreme Court's answer was that it did not, since the petitioner's evidence did not actually bear upon whether or not the petitioner was "regarded as" substantially limited in a major life activity. Id. This finding was based on grounds that the evidence produced did not show whether or not the employer specifically regarded him as "unable to perform a class of jobs"; rather the Court found that: "At most, petitioner has shown that he is regarded as unable to perform the job of mechanic only when that job requires driving a commercial motor vehicle—a specific type of vehicle used on a highway in interstate commerce." Id. Presumably, the employee was required to produce evidence to the effect that his employer regarded him as unable to perform a broad class of jobs in light of his condition. No such evidence was presented in the case in Murphy, 199 S.Ct. at 2139, and there is no such evidence in the record here either. Therefore this Court was correct in entering summary judgment against Ortiz-Molina.

---

[1] In fact, they met to determine whether Plaintiff's position required him to lift over twenty-five pounds. Docket # 50, Exh. 1. The results of this meeting showed that Plaintiff required no accommodation because he was in a supervisory position which did not entail any weight lifting over the established limit. Id.

**Civil No. 96-2267(SEC)** 4

      Moreover, the Court finds that Plaintiff's evidence is only relevant to the issue of whether or not the employer regarded him as able to perform certain duties, such as lifting objects weighting more than twenty-five pounds. However, that evidence is not relevant to whether or not the employer regarded him as an individual with substantial limitations to one or more major life activities or restricted in performing a broad class of jobs. In fact, the record lacks evidence in that regard. Accordingly, Plaintiff's motion for reconsideration, **(Docket #63)**, is **DENIED**. The Court does not reach the issue of whether or not the employer discriminated in the implementation of its reduction in force because it finds that Plaintiff is not covered by the ADA.

      **SO ORDERED.**

      In San Juan, Puerto Rico, this 21st day of September, 2000.

                                   SALVADOR E. CASELLAS
                                   United States District Judge

AO 72A
(Rev.8/82)